IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-19-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AKHILLES BETONEY SHEPARD, | ) | |
| | ) | |
| Defendant. | ) | |

On April 7, 2008, pursuant to a written plea agreement, Akhilles Betoney Shepard ("Shepard") pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine. See [D.E. 11, 12]. On July 9, 2008, the court held Shepard's sentencing hearing. See [D.E. 17, 18]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Shepard's total offense level to be 29, his criminal history category to be IV, and his advisory guideline range to be 121 to 151 months' imprisonment. See Statement of Reasons. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Shepard to 144 months' imprisonment. See id. [D.E. 18]. Shepard did not appeal.

On August 13, 2014, Shepard filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. See [D.E. 22]. On February 13, 2015, Shepard filed a second motion, through counsel, for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 26]. On November 2, 2015, Shepard, through counsel, filed a memorandum of law in support of his motion for a sentence reduction [D.E. 28]. Shepard's new advisory guideline range is 120 to 125 months' imprisonment,

based on a total offense level of 27 and a criminal history category of IV. See Resentencing Report. Shepard requests a 120-month sentence. See id.; [D.E. 28] 8.

The court has discretion to reduce Shepard's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Shepard's sentence, the court finds that Shepard engaged in serious criminal behavior. See PSR ¶¶ 4–8. Shepard engaged in a conspiracy that took place over a long period of time and involved approximately 311 grams of cocaine base (crack) and 4.4 kilograms of cocaine. See id. Moreover, Shepard is a recidivist who has two prior convictions for selling cocaine. See id. ¶¶ 10, 16. Although Shepard has taken some positive steps while incarcerated on his federal sentence, he has received disciplinary infractions for fighting, conducting a gambling pool, and possessing unauthorized items including tobacco and gambling paraphernalia. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Shepard received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Shepard's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Shepard's motion for reduction of sentence under

2

Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Shepard's motions for reduction of sentence [D.E. 22, 26].

SO ORDERED. This 21 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge